UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| VICTOR ESTRADA, | ) | Case No.: 3:24-cv-310 |
| Petitioner, | ) ) | |
| vs. | ) ) | **COMPLAINT TO CONFIRM** |
| CONN'S APPLIANCES, INC. | ) | **ARBITRATION AWARD** |
| Respondent. | ) ) ) | |
| | ) | |

Petitioner, Victor Estrada, (hereinafter "Estrada") alleges as follows:

**PRELIMINARY STATEMENT**

1.      Petitioner, Victor Estrada is a consumer who purchased household items from Respondent Conn's Appliances, Inc. (Conn's). After representing to Mr. Estrada that his 2016 Conn's account would be merged with a new account he sought to open in 2019, Conn's failed to complete the merger, and instead began reporting Mr. Estrada as delinquent on the 2016 account, despite ongoing and consistent attempts by Mr. Estrada to correct the error. These actions caused significant damages to Mr. Estrada.

2.      Petitioner ultimately filed a Demand for Arbitration, based on the arbitration provision within his Conn's Retail Installment Contract, alleging Conn's had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(b)(1), (b)(2) and b(3), along with other state law claims, by reporting inaccurate information to Credit Reporting Agencies ("CRAs"); by failing to conduct a reasonable investigation into disputes lodged by Claimant; and by failing to provide notice to the CRAs to correct the inaccurate reports. *See* Exhibit A, Conn's Contract and Arbitration Agreement; Exhibit B, Consumer Demand for Arbitration.

3.      James Daross was selected as the Arbitrator in this matter. *See* Exhibit C. Following four days of evidentiary hearings between September and December 2023, both parties provided substantial testimony and evidence, resulting in the Arbitrator's decision that Conn's had willfully violated the FCRA and the state law claim of negligent training and supervision. The Arbitrator issued both an interim award addressing the damages to be awarded to Petitioner and a final award addressing the attorneys' fees and costs to be awarded to Petitioner. *See* Exhibit D and E.

Pursuant to the Federal Arbitration Act, Mr. Estrada now petitions this Court to confirm the Award in its favor and enter judgment against Respondent Conn's in the amount of $384,300.40, representing $120,000 in compensatory damages, and $139,520.00 in attorneys' fees and $4,780.40 in costs awarded to Petitioner Estrada as the prevailing party in the arbitration, along with pre-judgment interest at the rate of 8.5% per annum from the date of the Awards and post-judgment interest at the rate of 8.5% per annum until paid.

## PARTIES

4.      Petitioner Victor Estrada is a natural person, who at all relevant times has resided in El Paso, Texas.

5.      Respondent Conn's Appliances Inc., is a corporation that conducts business within the State of Texas, with is corporate headquarters located at 2445 Technology Forest Blvd, The Woodlands, TX 77381.

## JURISDICTION AND VENUE

6.      The Federal Arbitration Act (FAA) governs this matter as the FAA applies to any arbitration agreement in a contract "evidencing a transaction involving commerce," which is defined as a

"commerce among the several States." 9 U.S.C. §§ 1-2. Here, the retail installment contract is a contract between Conn Appliances, Inc., a Texas Corporation, and Mr. Estrada, an individual residing in Texas. *See* Exhibit A. In pertinent part, the Arbitration Agreement states: "The Federal Arbitration Act governs this Clause. Judgment on the award may be entered in any court with jurisdiction." *Id.*

7.      Pursuant to Section 9 of the FAA, "[i]f the parties in the agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court ***must*** grant such an order unless the award is vacated, modified or corrected as prescribed in Section 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added).  Arbitrator Daross made the awards in question in May and July of this year, thus Petitioner is bringing his application within the one year timeframe.

8.      Jurisdiction is proper in this Court as a party may obtain relief in federal court under the FAA…when the underlying civil action would otherwise be subject to the court's federal question or diversity jurisdiction. *See Southland Corp. v. Keating,* 465 U.S. 1, 16 n.9, 104 S. Ct. 852, 859 n.9, 79 L. Ed. 2d 1 (1984); *Bank One, N.A. v. Boyd,* 288 F.3d 181, 186 n.2 (5th Cir. 2002). Petitioner's arbitration claims primarily arise due to Respondent's violations of a federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) (FCRA). Thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

9.      Venue is proper in this Court under 28 U.S.C. §1391(b) as the arbitration was held in El Paso, Texas.

## FACTUAL AND PROCEDURAL ALLEGATIONS

10.     Petitioner Victor Estrada ("Claimant") opened an initial account with Conn's in 2016 and after paying regularly on that account, decided to purchase additional household items from Conn's in November 2019. At that time, a small amount of money was still owed on the 2016 account ($202), and Mr. Estrada sought to pay it all off before opening a new second account for a $2,400 purchase. *See* Exhibit D.

11.     Conn's advised Mr. Estrada that he did not need to make the final payoff; the account would be closed and the remaining balance would be rolled into a new 2019 account for the newly purchased items. *Id.* Mr. Estrada entered into Retail Installment Contract with Conn's on November 2, 2019 for the purchase of home furnishings. *See* Exhibit A.

12.     Following this, in December 2019, Mr. Estrada learned that his credit report showed he was being marked as late on his payments relating to the 2016 account. Thereafter, Mr. Estrada had numerous conversations directly with Conn's who confirmed the merger of the 2016 and 2019 accounts, and advised that the 2016 delinquencies would be corrected. *See* Exhibit D, Interim Award.

13.     Despite these representations, Conn's continued reporting Mr. Estrada's 2016 account as delinquent with the consumer reporting agencies. This prompted Plaintiff to dispute the information in writing, with Conn's directly, and also through Equifax and Experian. After receiving these disputes, Conn's ignored their own records and continuously told the credit agencies that Mr. Estrada was delinquent on his 2016 account. These reportings were made despite the fact Conn's own records showed that the 2016 account was intended to be closed, and rolled into the 2019 account. *See* Exhibit D.

14.     On or about May 5, 2021, Petitioner filed an arbitration claim with the American Arbitration Association claiming damages due to Respondent's conduct. *See* Exhibit B.

15.     Arbitrator James Daross was appointed as arbitrator on August 8, 2022. *See* Exhibit C.

16.     Following four days of hearings, Arbitrator Daross found that Respondent failed to conduct a reasonable investigation and continued reporting Petitioner as late despite knowing this was an error. The Arbitrator also found that Respondent failed to mark Claimant's initial account as in-dispute as required by the FCRA. These willful actions caused Mr. Estrada financial and emotional distress. *See* Exhibit D.

17.     The Arbitrator determined that not only had Respondent had willfully violated the Fair Credit Reporting Act, but also negligently trained and supervised their employees, causing damages to Mr. Estrada. *See* Exhibit D.

18.     On May 6, 2024, Arbitrator Daross awarded Mr. Estrada $60,000 for mental anguish, emotional distress, humiliation, loss of companionship, and for injury to his reputation and creditworthiness and $120,000 in punitive damages.

19.     Arbitrator Daross also confirmed that attorneys' fees were recoverable and following a separate briefing, on July 15, 2024, Arbitrator Daross awarded $139,520.00 in attorneys' fees and $4,780.40 in costs. *See* Exhibit E. Petitioner now moves to confirm this award.

20.     This Court has the obligation to confirm Petitioner's arbitration award into a judgment. *See Doctor's Assocs., Inc. v. Casarotto*, 116 S. Ct. 1652, 1657 (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitration are enforced); *Allied Bruce Terminix Cos. v. Dobson*, 115 S. Ct. 834, 838 (1995)

21.     There are no unusual circumstances in this case and no grounds for vacating, modifying, or correcting the Final and Interim Awards. The arbitrator, James Daross, having considered the pleadings and other evidence presented at the hearing, determined that Respondent was liable to Petitioner for damages and attorneys' fees. *See* Exhibits D and E.

22.     The award and basis for the arbitrator's decision was reasonable, and does not show manifest disregard of the law, nor is the award contrary to public policy. *Id.* Accordingly, this Court must confirm the Award and enter judgment in favor of Victor Estrada. *See* 9 U.S.C. § 9 (providing "the court must grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in Section 10 and 11 of this title.").

### CLAIM FOR RELIEF

23.     Petitioner incorporates by reference the allegations in Paragraphs 1 through 23 above as though fully set forth herein.

24.     The Awards find in favor of Petitioner Victor Estrada and against Respondent Conn's Applicances, Inc. on Petitioner's claim for violation of the FCRA, 15 U.S.C. §§ 1681s-2(b)(1), (b)(2) and b(3), and awards Petitioner the total sum of $384,300.40, comprising $180,000 in damages, $139,520.00 in attorneys' fees, and $4,780.40 in costs, along with pre and post-judgment interest at the rate of 8.5% per annum.

25.     Pursuant to the FAA and Fifth Circuit law, Petitioner is entitled to a judgment entered by this Court confirming the Award as no grounds exist for vacating, modifying, or correcting the arbitration award.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for the following relief:

1.  That the Court enter an Order confirming the Award; and

2.  That the Court enter judgment in favor of Petitioner and against Respondent in the form
    of the Proposed Judgment attached hereto as Exhibit 1.

Dated:     August 29, 2024

> /s/ Daniel Zemel_____
> Daniel Zemel, Esq.
> **Zemel Law LLC**
> 660 Broadway
> Patterson, NJ 07514
> (P) (862) 227-3106
> dz@zemellawllc.com
> Attorney for Claimant